# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REX CHAPPELL, | 1:06-cv-01378-OWW-WMW (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| NEWBARTH, et. al., | (Doc. 1) |
| Defendants. | |

**I.     SCREENING ORDER**

Rex Chappell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis. Plaintiff filed his Complaint on October 4, 2006. (Doc. 1.)

**A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §

1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

### B. Summary of Plaintiff's Complaint

At the time of the issues complained of in his complaint, Plaintiff was a state prisoner at Substance Abuse Treatment Facility and State Prison ("SATF") in Corcoran, California. Currently, Plaintiff is incarcerated at High Desert State Prison, in Susanville, California. Plaintiff names defendants Dr. J. Neubarth, Nurse Practitioner Elias Lu, Chief Medical Officer W. McGuinnes, Dr. Logholt, and Dr. John Doe. Plaintiff seeks injunctive relief and monetary damages.

Plaintiff delineates four claims for relief based on claims that he received inappropriate medical care and treatment for his Hepatitis, esophagus, stomach, and spine.

Plaintiff states a number of factual allegations that appear to apply to medical care received by other inmates. The Court is uncertain whether Plaintiff is attempting to pursue this case as a class action. However, Plaintiff is not an attorney and is proceeding without counsel. A non-attorney proceeding pro se may bring his own claims to court, but may not represent others. Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (2000); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). A pro se litigant simply cannot "fairly and adequately protect the

1 | interests of the class." Fed. R. Civ. P. 23(a)(4); Fymbo, 213 F.3d at 1321. Therefore, this action
2 | will be construed as an individual civil suit brought by Plaintiff rather than as a class action.
3 |     Plaintiff does not state any cognizable claims, but he may be able to amend to correct
4 | deficiencies in his pleading so as to state cognizable claims. Thus, he is being given the
5 | applicable standards based on his delineated claims for relief and leave to file a first amended
6 | complaint.

### C. Pleading Requirements

#### 1. *Federal Rule of Civil Procedure 8(a)*

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

/ / /

### 2. *Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff mentions "Defendant Zoher" in his factual statement, but fails to list "Defendant Zoher" as a defendant in the caption, or anywhere else identifying the parties in his complaint. If Plaintiff intends to pursue claims against "Defendant Zoher" he must appropriately identify this person as a defendant in this action. Further, Plaintiff should clarify which defendant(s) he feels are responsible for any violation(s) of his constitutional rights, as his complaint must put each defendant on notice of Plaintiff's claims against him or her, and their factual basis. See Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004). Generic identifiers such as "Defendants," "the Defendants," and "others" (without surname specificity) are insufficient to link a specific defendant to offending actions and will not suffice to place any Defendant on notice of Plaintiff's claims so as to prepare a defense. McHenry v. Renne 84 F.3d 1172 (9th Cir. 1996). Further, Plaintiff names Nurse Practitioner Elias Lu as a defendant, but fails to link NP Lu to any of his factual allegations. Thus, NP Lu is appropriately dismissed for Plaintiff's failure to link him to any affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

**D. Plaintiff's Complaint**

**1. First Claim for Relief**

**a. Deliberate Indifference to Serious Medical Needs**

Plaintiff's Complaint is premised on his claims that he received inappropriate medical care for his Hepatitis, esophagus/stomach, and spine.

Where a prisoner's Eighth Amendment claim is one of inadequate medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Such a claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1991). A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (*quoting* Estelle, 429 U.S. at 104). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Plaintiff's allegations that he was diagnosed with Hepatitis A, B, and C establishes the existence of a serious medical need. Plaintiff's allegations that the vertebrae in his back have all deteriorated and all the discs have "bled out" also appears to establish the existence of a serious medical need. However, Plaintiff does not state enough detail for the Court to ascertain whether his current esophagus/stomach is anything more than indigestion so as to establish the existence of a serious medical need.[1]

Since Plaintiff establishes the existence of serious medical needs, he must state facts to show that prison officials responded to his Hepatitis and spine conditions with deliberate indifference. Farmer, 511 U.S. at 834. "Deliberate indifference is a high legal standard."

---

[1] Plaintiff's allegations that a "colonostomy" performed previously while he was incarcerated at Pelican Bay which showed his stomach and intestines were filled with blood, without continuing sequela, does not establish that Plaintiff suffered from this condition while at SATF.

5

Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, the1n the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff alleges that he was advised in April of 2004 that he had contracted Hepatitis C, and that "the Defendants' Neubarth" did nothing but wait for Plaintiff to get worse. (Doc. 1, pg. 17.) Plaintiff pushed and was finally able to get vaccinated for Hepatitis B in June of 2006. However "Defendant" refused to consider any treatment to prevent the progression of Plaintiff's Hepatitis C – even declining to issue a chrono for Plaintiff to pay for and obtain "liver aid vitamins." (Id.)

"Denial of medical attention to prisoners constitutes an [E]ighth [A]mendment violation if the denial amounts to deliberate indifference to serious medical needs of the prisoners." Toussaint v. McCarthy 801 F.2d 1080, 1111 (9th Cir. 1986) *abrogated in part on other grounds by* Sandin v. Conner, 515 U.S. 472 (1995) (citing Estelle, 429 U.S. at 104-05); see also Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Clement v. Gomez, 298 F.3d 898, 905 (9th Cir. 2002); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v. Smith 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) McGuckin 974 F.2d at 1059. Delay of, or interference with, medical treatment can also amount to deliberate indifference. See Jett, 439 F.3d at 1096; Clement, 298 F.3d at 905; Hallett, 296 F.3d at 744; Lopez, 203 F.3d at 1131; Jackson, 90 F.3d at 332; McGuckin 974 F.2d at 1059; Hutchinson v. Untied States 838 F.2d 390, 394 (9th Cir. 1988). Where the prisoner is alleging that delay of medical treatment evinces deliberate indifference, however, the prisoner must show that the delay led to further injury. See Hallett, 296 F.3d at 745-46; McGuckin 974 F.2d at 1060; Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (*per curiam*). Mere delay which does not cause harm is insufficient to state a claim of deliberate medical indifference, and Plaintiff will "have no claim for deliberate medical indifference unless the

denial was harmful." Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (*per curiam*) citing Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Plaintiff does not state any allegations to show that the denial/delay of treatment (such as his requested liver aid vitamins) was harmful and/or caused him any injury. Further, Plaintiff's allegations that "the Defendants' Neubarth" did nothing but wait for him to get worse, links Plaintiff's allegations to Dr. Neubarth, but not specifically to any other Defendant(s).

Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (*citing* Estelle, 429 U.S. at 105-06). See also Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004). Further, a difference of opinion between Plaintiff and the prison medical staff regarding his diagnosis, treatment and medical records is insufficient to state a cognizable Eighth Amendment violation. See Estelle v. Gamble 429 U.S. 97, 107 (1976).

Plaintiff also alleges that his use of Dilantin and Aspirin should have been discontinued, and that by leaving him on these medications for years, "Defendants" subjected him to "life endangerment, almost certain and irreparable harm, possible irrevers[i]ble liver damage and death." (Doc. 21, pg. 19.) These allegations are speculative as to causation and do not sufficiently link any specific Defendant to responsibility for leaving Plaintiff on these medications. Plaintiff alleges that all Defendants told him there was no danger for him to consume these medications. Thus, these allegations appear to be no more than a difference of opinion between Plaintiff and the defendants – which does not state a cognizable claim.

Thus, Plaintiff fails to state a cognizable claim for deliberate indifference to his Hepatitis condition by any of the named defendants.

Prison officials are deliberately indifferent to a prisoner's serious medical needs when they "interfere with treatment once prescribed." Estelle, 429 U.S. at 104-05. The Ninth Circuit has found deliberate indifference where prison officials "deliberately ignore the express orders of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner." Hamilton

v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992). The Courts of other federal Circuits have also found deliberate indifference where prison officials ignore a previous physician's treatment plan. White v. Napoleon, 897 F.2d 103 (3rd Cir. 1990); see also Carl T. Drechsler, Annotation, Relief Under Federal Civil Rights Acts to State Prisoners Complaining of Denial of Medical Care, 28 A.L.R. Fed. 279 (1976) (recognizing that, on the whole, courts do not condone the practice of prison officials ignoring orders rendered by a prisoner's previous physician).

Plaintiff alleges that a specialist has explained that his back needs to be operated on and a brace to support his back so it will not bow or sag when he sits. Plaintiff alleges that he has been told that they do not give out back braces at SATF so there is nothing that can be done for Plaintiff's back. Denial of this back brace causes Plaintiff to live in round the clock pain. Plaintiff's claim as to his back condition is not cognizable as he fails to state allegations as to when and where he saw the specialist, any orders and/or prescriptions the specialist issued, and the duration thereof so as to bind the prison personnel at SATF to follow the specialist's recommendations. Further, Plaintiff's allegations are not specific enough as to which Defendant(s) declined to follow the specialist's recommendations/prescribed therapy.

### b. Cruel & Unusual Punishment

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5, 112 S.Ct. 995 (1992) (citations omitted). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Although de minimis uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates the Eighth Amendment, regardless of whether or not significant injury is evident. Id. at 9-10; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

Plaintiff fails to state any factual allegations so show that he was subjected to any physical force – let alone excessive physical force. Thus, Plaintiff does not state a cognizable claim for being subjected to excessive force in violation of the Cruel and Unusual Punishments

Clause of the Eighth Amendment. Further, as discussed above, Plaintiff also fails to state a cognizable claim for cruel and unusual punishment based on deliberate indifference to his serious medical needs.

### c. Imminent Danger

There is no claim for relief from "Imminent Danger" under the United States Constitution. Rather, the Court assumes that Plaintiff intended to attempt to state a claim under the Eighth Amendment for deliberate indifference to his safety. To that end, "[t]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citing Helling v. McKinney, 509 U.S. 25, 31 (1993)). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer, at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage . . . .'" Farmer, 511 U.S. at 843 (citing Helling, 509 U.S. at 35). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged risk to the inmate must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

9

Aside from allegations of a risk to Plaintiff's health due to deliberate indifference to his serious medical needs (which were previously discussed) Plaintiff fails to state any allegations to show that prison personnel placed him in circumstances that constituted a risk of serious injury to his physical person. Thus, Plaintiff's claim for "Imminent Danger" is not cognizable.

### 2. Second Claim for Relief

#### a. Due Process

##### (1) Procedural

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Plaintiff has not alleged any facts that would support a claim that he was deprived of a protected interest without procedural due process.

##### (2) Substantive

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare. Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 117 S. Ct. 1845 (1997); County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998). Plaintiff has not alleged any facts that would support a claim that his rights under the substantive component of the Due Process Clause were violated.

#### b. Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be established in two ways. First, a plaintiff establishes an equal protection claim by showing that the defendant has intentionally discriminated on the basis of the plaintiff's membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668,

686 (9th Cir.2001). Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race. Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005). Plaintiff fails to state a cognizable claim under this theory of equal protection as he fails to state allegations to show that he is a member of a suspect class and that he was exposed to any intentional discrimination as a result thereof.

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); Squaw Valley Development Co. v. Goldberg, 375 F.3d 936, 944 (9th Cir.2004); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564. If an equal protection claim is based upon the defendant's selective enforcement of a valid law or rule, a plaintiff must show that the selective enforcement is based upon an "impermissible motive." Squaw Valley, 375 F.3d at 944; Freeman v. City of Santa Ana, 68 F.3d 1180, 1187 (9th Cir.1995).

Plaintiff fails to state a cognizable claim under this theory as he neither alleges facts to address any of the three requirements set forth in Village of Willowbrook, nor to show that any selective enforcement that he encountered was based on an impermissible motive.

### 3. Third Claim for Relief

#### a. State Law Claim – Calif. Govt. Code § 845.6

Section 845.6 of the California Government Code provides:

> Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody; but, except as otherwise provided by Sections 855.8 and 856, a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has

reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care. Nothing in this section exonerates a public employee who is lawfully engaged in the practice of one of the healing arts under any law of this state from liability for injury proximately caused by malpractice or exonerates the public entity from its obligation to pay any judgment, compromise, or settlement that it is required to pay under subdivision (d) of Section 844.6.

This section imposes an obligation for public entities to help when there is actual or constructive knowledge of a need for immediate medical care -- there is a duty of reasonable action to summon medical care. Johnson v County of Los Angeles 143 Cal App 3d 298 (1983, 2nd Dist). "Liability . . . is limited to serious and obvious medical conditions requiring immediate care." Watson v. State, 21 Cal. App. 4th 836, 841 (Cal. Ct. App. 1993) (citations omitted). Plaintiff's allegations do not establish that any of his medical conditions required immediate care.

Further, California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff fails to state a cognizable claim under section 854.6 of the California Government Code as all of his claims are alleged against individuals, and he fails to allege any facts to show his compliance with California's Tort Claims Act.

Further, Plaintiff is advised that, pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part

of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

### 4. Fourth Claim for Relief
#### a. C.C.R. §§ 3350(a)(B)(1), (2), (3), (4), and (5)

Plaintiff alleges violations of sections 3350(a)(B)(1), (2), (3), (4), and (5) of Title 15 of the California Code of Regulations. The existence of regulations such as these governing the conduct of prison employees does not necessarily entitle Plaintiff to sue civilly to enforce the regulations or to sue for damages based on the violation of the regulations. The Court has found no authority to support a finding that there is an implied private right of action under Title 15 and Plaintiff has provided none. Given that the statutory language does not support an inference that there is a private right of action, the Court finds that Plaintiff is unable to state any cognizable claims upon which relief may be granted based on the violation of Title 15 regulations. All such claims are properly dismissed.

### 5. Injunctive Relief

Plaintiff requests injunctive relief. However, 18 U.S.C. § 3626(a)(1)(A) provides in relevant part, "[p]rospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." Plaintiff fails to state a cognizable claim for violation of any of his Federal rights. Thus, there is no need for the Court to address Plaintiff's request for prospective injunctive relief

at this time.

## II. CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

**Dated:  April 30, 2009**       /s/ **William M. Wunderlich**
                                  UNITED STATES MAGISTRATE JUDGE